IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER PARKER,**

        **Petitioner,**

v.

**DARREN GALLOWAY,**

        **Respondent.**

Case No. 23-CV-03617-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Petitioner Christopher Parker is an inmate presently housed at Shawnee Correctional Center in Vienna, Illinois. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts.

### FACTUAL AND PROCEDURAL BACKGROUND

    Parker pleaded guilty to one count of criminal sexual assault on June 24, 2009 in the Seventh Judicial Circuit in the State of Illinois (Jersey County). (*See* Doc. 1, p. 1). He was sentenced to five years, three months in prison followed by three years to life of mandatory supervised release. (*See id.*). Parker's projected parole date is July 26, 2024.[1]

    The Supreme Court has established that habeas petitions are only appropriate

---

[1] *Individual in Custody Search*, ILL. DEPT. OF CORR., https://idoc.illinois.gov/offender/inmatesearch.html (last visited Nov. 28, 2023) (enter "Parker" in search box, then select "Christopher L. Parker" from the list of inmates).

where "success in [the] action would necessarily demonstrate the invalidity of confinement or duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Additionally, "the Supreme Court has long held that a civil rights action brought pursuant to 42 U.S.C. § 1983 is the proper vehicle for challenging a condition of confinement, such as the BOP's security rating of an inmate or the inmate's facility designation." *Pinkney v. U.S. Dep't of Just.*, No. 07-CV-106, 2009 WL 277551 (N.D.W. Va. Feb. 5, 2009).

Furthermore, "a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief." 28 U.S.C. § 2254(b)(1); *see also Parker v. Duncan*, No. 3:15-cv-00326-DRH, 2015 WL 1757092 (S.D. Ill. April 15, 2016) (citing *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997)). Moreover, a state petitioner can challenge his confinement under § 2254 *only* after having exhausted both administrative remedies and state judicial remedies, including one complete round of state appellate review. *VanSkike v. Sullivan*, No. 18-cv-2138-NJR, 2019 WL 6327195, at * 2 (S.D. Ill. Nov. 26, 2019). The exhaustion doctrine is "designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The failure to exhaust is a procedural bar that may be excused only if a habeas petitioner can "show cause and prejudice for failing to fairly present his or her claim to the state courts or that a fundamental miscarriage of justice will occur." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001). Under this test, "cause" must be something "external to the petitioner, something that cannot fairly be attributed to him."

*Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see also id.* ("For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that "some interference by officials" . . . made compliance impracticable, would constitute cause under this standard.'" (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986))).

Petitioner Parker argues that two provisions in 730 Ill. Comp. Stat. 5/3-6/3 violate both the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment. (*See* Doc. 1, pp. 22–24). Parker argues that because it would be "political suicide" for elected judges in Illinois to declare the Illinois sentencing scheme unconstitutional, this is a sufficient reason for him to avoid exhausting the state and administrative remedies available to him. (*See id.*, p. 19).

At the date of this Order, Parker has filed four § 2254 petitions in this Court. *See Parker v. Roeckman*, No. 13-cv-00205-DRH-CJP (S.D. Ill. July 7, 2014); *Parker v. Korte*, No. 16-cv-00908-DRH (S.D. Ill. Sept. 16, 2016); *Parker v. Korte*, No. 16-cv-01082-DRH (S.D. Ill. Dec. 12, 2016); *Parker v. Eddy*, No. 23-cv-01641-SPM (S.D. Ill. Sept. 13, 2023). Every petition was denied; three of them were denied for failure to exhaust state remedies. *See Roeckman*, (Doc. 65); *Korte*, No, 16-cv-00908, (Doc. 15; *Eddy*, (Doc. 18). Parker is making the same attempt here and his Petition fails for this same reason. Parker's conclusory allegations are not a sufficient showing that a "fundamental miscarriage of justice will occur," *McAtee*, 250 F.3d at 509.

That being said, there are multiple reasons each one of which would be sufficient grounds to dismiss this Petition. Besides failure to exhaust the state and administrative remedies available to him, Parker is barred from filing a successive

petition because of the limitation on second or successive petitions pursuant to 28 U.S.C. § 2244(b)(3) and (4). This is the fifth § 2254 petition Parker has filed in this District. *See supra*. In accordance with 28 U.S.C. 2244, approval from the cognizant Court of Appeals is required to file a successive § 2254 petition. This certification is required prior to consideration of the petition by the District Court. Parker has neglected to perform this procedural step here. This error is fatal to his Petition as it means this Court is bereft of subject-matter jurisdiction to consider it.

Under Rule 4 of the Rules Governing Section 2254 Petitions in the United States District Courts, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Thus, Parker's Petition must be dismissed.

## Conclusion

For the reasons set forth above, Parker's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and this case is **DISMISSED with PREJUDICE** for lack of subject-matter jurisdiction. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, as no reasonable jurist could find it debatable whether this Court's ruling is current on the defectiveness of Parker's Petition. *See* 28 U.S.C. 2253(c). The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:   November 29, 2023**

                                                    **_s/ Stephen P. McGlynn_**
                                                    **STEPHEN P. McGLYNN**
                                                    **U.S. District Judge**